PATRICK W. EMERY, ESQ., SB# 061050
DAVID W. BERRY, ESQ., SB# 180995
ABBEY, WEITZENBERG, WARREN & EMERY
100 Stony Point Road, Suite 200
Post Office Box 1566
Santa Rosa, CA 95402-1566
Telephone: 707-542-5050
Facsimile: 707-542-2589

Attorneys for Plaintiff
STEVEN L. GUSTAFSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVEN L. GUSTAFSON,

        Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF
AMERICA, and UNUMPROVIDENT
CORPORATION.

        Defendants.

Case No.:

**COMPLAINT (ERISA)**

### Jurisdiction:

1. Plaintiff, STEVEN L. GUSTAFSON, brings this action under 29 U.S.C. section 1132(a)(1)(b) of the Employee Retirement Income Security Act of 1975 ("ERISA"). Pursuant to 29 U.S.C. section 1331, this Court has subject matter jurisdiction over Plaintiff's claims.

2. Pursuant to 29 U.S.C. section 1132(e)(2), venue is proper in the Northern District of California because the plan is administered here and UNUM LIFE INSURANCE COMPANY OF AMERICA resides or may be found here.

### Parties:

3. At all times relevant hereto, Plaintiff (a) has resided in the County of Sonoma, California, (b) was a participant or beneficiary in a group long term disability insurance policy issued by Unum Life Insurance Company of America ("UNUM LIFE") through his employer

1  FFSC, Inc., Policy Number 502868 (the "DISABILITY POLICY") and (c) was the insured of a
2  life insurance policy issued by UNUM LIFE (the "LIFE INSURANCE POLICY"). Collectively,
3  the DISABILITY POLICY and the LIFE INSURANCE POLICY are the POLICIES.

4      4.    UNUM LIFE is an insurance company obligated to pay benefits and determine
5  eligibility for benefits pursuant to the POLICIES.

6      5.    Plaintiff is informed and believes and, on that basis alleges, the following.
7  UnumProvident Corporation ("UNUMPROVIDENT") is a corporation and the parent corporation
8  of UNUM LIFE. UNUMPROVIDENT controls the policies and actions of UNUM LIFE.
9  UNUMPROVIDENT employs individuals who acted on behalf of UNUM LIFE in taking the
10 actions alleged herein, including wrongly terminating Plaintiff's payments and coverage that are
11 due and owing pursuant to the POLICIES.

12     6.    In 1994, while covered under the POLICIES, Plaintiff became permanently
13 disabled. Thereafter, and based thereon, Plaintiff began receiving disability benefits pursuant to
14 the DISABILITY POLICY. Though there was no change in Plaintiff's status as permanently
15 disabled, UNUM LIFE stopped paying the required DISABILITY POLICY benefit to Plaintiff in
16 about April 1997. At the point Plaintiff became eligible for benefits pursuant to the
17 DISABILITY POLICY, he was no longer required to pay premiums for the LIFE INSURANCE
18 POLICY, and was entitled to benefits thereunder, as provided by the terms of the POLICIES.

19     7.    In about September 2006, Plaintiff learned for the first time that (a) UNUM LIFE
20 was the subject of a lawsuit in California, which included claims that Defendants wrongly denied
21 entitlement to long term disability benefits to persons in situations like that of Plaintiff, and (b) as
22 part of that lawsuit, Plaintiff was entitled to have his termination of benefits re-assessed. Plaintiff
23 submitted his Reassessment Claim Form in about October 2006. By way of a letter dated April
24 11, 2007, UNUM LIFE "determined that our original decision to terminate benefits on this claim
25 has been overturned for a closed period." The letter further provides that,

26     As a result, we are re-opening Mr. Gustafson's claim and providing additional
27     disability benefits from April 30, 1997, to December 15, 1997, when he returned
28     to full-time work with a new employer. At this point in time, his claim would end

1  and he would no longer be "disabled" per the provisions of the policy as
2  previously detailed in this letter.
3      8.   By way of letter from UNUMPROVIDENT dated about May 25, 2007,
4  Defendants terminated the LIFE INSURANCE POLICY. The letter provides,
5      As you are aware, your life insurance coverage has been continued without
6      payment of premiums due to your disability that began on December 24, 2004.
7      As recently communicated to you by our Long Term Disability department, we
8      have concluded that disability is no longer supported based upon your full-time
9      return to work on December 15, 1997.
10     Because you are eligible for the Extension of Employee Life Insurance During
11     Total Disability benefit only when you are totally disabled and are unable to
12     work, you are no longer eligible and we have closed your claim.
13     9.   The Defendants' claim that Plaintiff no longer is disabled and, therefore, entitled
14 to benefits pursuant to the POLICIES, is unreasonable, wrong, irrational, and contrary to the
15 provisions of the POLICIES. At no time on or after April 30, 1997, including December 15, 1997
16 and thereafter, did Plaintiff cease to be "disabled" pursuant to the provisions of the POLICIES.
17 As a result, at all times from April 30, 1997 up to the present time, Plaintiff has been and is
18 entitled to coverage and benefits pursuant to the POLICIES.
19 **Claim for Relief:**
20     10.  The defendants failed to conduct a full and fair review of Plaintiff's claim for
21 benefits into the facts and circumstances of his claim, did not conduct a review free from the
22 influence of self-interest and conflicts of interest, and failed to satisfy the obligation of good faith
23 and fair dealing.
24     11.  Under 29 U.S.C. section 1132(a)(1)(B), a plan participant or beneficiary may bring
25 a civil action to recover benefits due pursuant to the plan, to enforce rights pursuant to the plan,
26 and to clarify rights to future benefits pursuant to the plan.
27     12.  At all times relevant hereto, Plaintiff has been entitled to benefits under the
28 DISABILITY POLICY and life insurance pursuant to the LIFE INSURANCE POLICY. By

1  denying Plaintiff's claim for disability benefits, the Defendants have violated, and continue to
2  violate, the terms of the POLICIES and Plaintiff's rights thereunder.
3      13.   The facts and circumstances of this matter warrant an award of Plaintiff's
4  attorneys' fees against Defendants under 29 U.S.C. section 1132(g).

**Prayer for Relief:**

Plaintiff respectfully requests that the Court grant the following relief:

1. Judgment in favor of Plaintiff against Defendants, jointly and severally, for all disability benefits and any other benefits owed or available to him under the DISABILITY POLICY to date;

2. An order reinstating future, ongoing benefits and coverage owed or available to him by the Defendants under the POLICIES;

3. All interest allowed by the POLICIES, and/or by law;

4. Attorneys' fees;

5. Costs; and

6. All other available relief that is equitable and just.

DATED: September 17, 2007.                ABBEY, WEITZENBERG, WARREN & EMERY

                                          By /s/ David W. Berry
                                          David W. Berry
                                          Attorneys for Plaintiff
                                          STEVEN L. GUSTAFSON